139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Myron R. STAHL, Plaintiff-Appellant,
v.
GIBRALTAR FINANCIAL CORPORATION, Defendant-Appellee.
John GLAVARIS; Patricia Glavaris; Benny L. Tolley, Plaintiffs,
and
Myron R. STAHL, Plaintiff-intervenor-Appellant,
v.
Herbert J. YOUNG; James N. Thayer; Jay Janis; John R.
Williamson; Jerome Nussbaum; Michael W. Mooney; Lynne
Crawford; Linda K.S. Blount; Robert R. Sprague Houston I.
Flournoy; Bernice Hutter; Melvin P. Spitz; Rafael E.
Vega; Gibraltar Savings; Gibraltar Savings, F.A.; Melvin
Rifkind; KPMG Peat Marwick; Gibson, Dunn & Crutcher;
Ernst & Whinney; Ernst & Young; William H. Dudley;
Resolution Trust Corporation, as Receiver for Gibraltar
Savings; Melvin Rifkind; Rifkind, Pondel & Parson;
Kenneth Leventhal; Richard Sprayregen; Jerome Nussbaum,
Defendants--Appellees.
John GLAVARIS; Patricia Glavaris; Benny L. Tolley,
Plaintiffs--Appellants,
v.
Herbert J. YOUNG; James N. Thayer; Jay Janis; John R.
Williamson; Jerome Nussbaum; Michael W. Mooney; Lynne
Crawford; Linda K.S. Blount; Robert R. Sprague Houston I.
Flournoy; Bernice Hutter; Melvin P. Spitz; Rafael E.
Vega; Gibraltar Savings; Gibraltar Savings, F.A.; Melvin
Rifkind, et al.; Gibson, Dunn & Crutcher; KPMG Peat
Marwick; Ernst & Whinney; Ernst & Young; William H.
Dudley; Federal Deposit Insurance Corporation, as Receiver
for Gibraltar Savings; and Gibraltar Savings, F.A.; Melvin
Rifkind; Rifkind, Pondel & Parson; Kenneth Leventhal;
Richard Sprayregen; Jerome Nussbaum, Defendants--Appellees.
John GLAVARIS; Patricia Glavaris; Benny L. Tolley, Plaintiffs,
and
Marit FIDEL; Bernard Fidel; Joel Binder,
Plaintiff-Intervenors--Appellants.
v.
Herbert J. YOUNG; James N. Thayer; Jay Janis; John R.
Williamson; Jerome Nussbaum; Michael W. Mooney; Lynne
Crawford; Linda K.S. Blount; Robert R. Sprague Houston I.
Flournoy; Bernice Hutter; Melvin P. Spitz; Rafael E.
Vega; Gibraltar Savings; Gibraltar Savings, F.A.; Melvin
Rifkind, et al.; Gibson, Dunn & Crutcher; KPMG Peat
Marwick; Ernst & Whinney; Ernst & Young; William H.
Dudley; Resolution Trust Corporation, as Receiver for
Gibraltar Savings; Melvin Rifkind; Rifkind, Pondel &
Parson; Kenneth Leventhal; Richard Sprayregen; Jerome
Nussbaum, Defendants--Appellees.
 No. 96-55201, 96-55622, 96-55230, 96-55444.
D.C. No. CV-87-03147-MRP (Bx).
D.C. No. CV-90-06185-MRP.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1997.
Decided Feb. 19, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California Mariana R. Pfaelzer, District Judge, Presiding.
 
 
 2
 Before CANBY and THOMPSON, Circuit Judges, and MOLLOY, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 After carefully reviewing the arguments presented and the record, we affirm the district court's dismissal of the Glavaris plaintiffs' complaint and its denial of Bernard Fidel and Joel Binder's intervention motion for the reasons set forth by the district court in its thorough and well-reasoned Memorandum of Decision, filed on September 10, 1992; and Memorandum of Decision, filed on August 11, 1994. We also affirm the denial of Myron R. Stahl's intervention motion. The motion was not timely filed and intervention clearly would have prejudiced the parties in the Glavaris action. See County of Orange v. Air. Calif., 799 F.2d 535, 537-38 (9th Cir.1986); Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, 62 F.3d 1217, 1220 (9th Cir.1995).[1]
 
 
 5
 We also affirm the district court's denial of Stahl's motion to amend his first amended complaint in Stahl v. Gibraltar Financial Corporation, No. 96-55201, and the district court's subsequent dismissal of that action with prejudice.
 
 
 6
 By his motion to amend, Stahl wanted to add officers and directors of Gibraltar Financial Corporation as defendants. He could have sought leave of the court to add these proposed defendants at any time after filing his complaint in 1987. He did not do so, but delayed filing his motion until October 1995, some eight years later. In addition to the passage of this inordinate amount of time, events occurred which should have prompted Stahl to seek leave to amend if he wanted to do so. He might have sought leave to amend upon remand of this case from our court in June 1992, or when the district court voiced concerns, in September 1992 and August 1994, about the Glavaris action proceeding as a class action, or when he himself informed the district court in September 1994 that he intended to seek leave to amend to add the directors and officers.
 
 
 7
 Stahl offers no justification for the delay. It is clear he was aware of the underlying facts and potential claims against the directors and officers at least by November 1990, when the Glavaris action was filed. A delay of eight years in these circumstances is not justified. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990).
 
 
 8
 The directors and officers Stahl wanted to add as defendants would have been seriously prejudiced if forced to defend themselves in the Stahl action. They had never been parties to the action, and any claims against them would have set forth different legal theories as to them and would have required proof of different facts, which would have required significant additional discovery. Moreover, during the eight-year period of delay, two of the directors died, depriving the defense of their assistance in defending the action.
 
 
 9
 Although the district court did not set forth its reasoning in denying Stahl's motion to amend, the reasons for the denial are apparent from the record as set forth above. In this circumstance, the district court did not abuse its discretion in denying Stahl's motion to amend his first amended complaint. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 691 (9th Cir.1993).
 
 
 10
 AFFIRMED.
 
 
 
 **
 Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We grant the Glavaris plaintiffs' motion for reconsideration. In case number 96-55444, the oversized reply brief is ordered filed. The officers and directors' motion to strike the reply brief is denied